**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRAIG FINNEY** | : | **CIVIL ACTION** |
| **v.** | : | |
| **CSX TRANSPORTATION, INC.,** *et al* | : | **NO. 09-3040** |

**MEMORANDUM OPINION**

SAVAGE, J.                                                                           November 4, 2009

**Background**

In this personal injury action where the plaintiff seeks damages for work related injuries, we must decide whether the Pennsylvania Workers Compensation Act precludes enforcement of a general indemnity provision in the contract between the tortfeasor and the plaintiff's employer. Before deciding that issue, we must determine whether Florida law, the contractual choice, or Pennsylvania law governs.

**Facts**

Plaintiff Craig Finney ("Finney") was driving a van for his employer, Professional Transportation, Inc. ("PTI"), which had a contract with the defendant CSX Transportation, Inc. ("CSX") to transport CSX employees, when the van was struck by a CSX train. Finney claims that the accident was caused by CSX and its employees' negligence. In its answer, CSX blames the accident solely or partly on Finney's negligence. Invoking the indemnity provision of its contract with PTI, CSX has filed a third party complaint against PTI seeking indemnification.

Moving to dismiss the third party complaint, PTI argues that the Pennsylvania Workers Compensation Act provides the exclusive remedy for employees injured on the

job and immunizes it, as Finney's employer, from claims for indemnification by third parties. PTI contends that its agreement to indemnify CSX for claims does not extend to claims brought by PTI employees against CSX. It also contends that the Florida choice of law clause is unenforceable because Pennsylvania has a strong public policy in protecting the provisions in the Pennsylvania Workers Compensation Act.

Opposing PTI's motion, CSX argues that the parties agreed that Florida law applies and a third party may seek indemnification from a claimant's employer under Florida's Workers Compensation Act. Thus, PTI is not immune for this action for indemnification.

Before determining whether the indemnity agreement permits CSX to assert a cause of action for indemnity and contribution against Finney's employer, we must decide the choice of law question. Then, we shall determine whether the indemnity agreement is enforceable.

## Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiffs. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain enough facts to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 55 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007)). It must show that the plaintiff is entitled to relief.

A motion to dismiss for failure to state a claim "tests the legal sufficiency of

plaintiff's claim." *Petruska v. Gannon University*, 462 F.3d 294, 302 (3d Cir. 2006). Additionally, where a bar to relief is apparent from the face of the complaint, dismissal under Rule 12(b)(6) may be granted. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)).

**Discussion**

Choice of Law

A federal court sitting in diversity must apply the forum state's choice of law rules. *LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (1996) (citing *Klaxson v. Stentor Electric Mfg. Co.*, 313 U.S. 487. 496 (1941). Hence, in considering which law controls, we shall apply Pennsylvania law.

Pennsylvania applies a two-part analysis to resolve choice of law questions. First, the court must determine whether the conflict is real or false. Second, if there is a true conflict, the court must then decide which state has the greater interest in the application of its law. *Id*. (citing *Cipolla v. Shaposka*, 267 A.2d 854, 855 (Pa. 1970)). However, in this case, because there is a choice of law provision in the contract, we use a different, but similar, analysis.

Choice of law agreements are generally enforced by Pennsylvania courts. *Gay v. CreditInform*, 511 F.3d 369, 389 (3d Cir. 2007) (quoting *Kruzits v. Okuma Machine Tool, Inc. v. Visco*, 85 F.3d 1069, 55 (3d Cir. 1994)). Section 187 of the Restatement, Second, Conflicts of Laws, which has been adopted by Pennsylvania, provides that a choice of law provision in a contract will be given effect unless: (1) the state whose law is specified in the contract has no substantial relationship with the parties; or (2) the application of the state

3

law chosen by the parties would be contrary to the public policy of the state having a materially greater interest. *Id*. (citing *Kruzits*, 40 F.3d at 55 (3d Cir. 1994)).

The first exception does not apply here. CSX's principal place of business is located in Florida, CSX signed the contract in Florida and PTI performs part of the contract in Florida. Although the accident occurred in Pennsylvania, it is the contract between CSX and PTI that is at issue in the third party complaint and the motion under consideration. It is the relationship of Florida to CSX and PTI, not to Finney, that is implicated. Thus, Florida has a substantial relationship with the parties that favors the contractual choice of law.

The second exception of § 187 applies. Pennsylvania has a materially greater interest in protecting workers within its boundaries. A choice of law provision that imposes another state's law that conflicts with provisions of the Pennsylvania Workers Compensation Act offends public policy where the injury occurred in Pennsylvania. *McIlvaine Trucking, Inc. v. Workers' Compensation Appeal Board*, 570 Pa. 662, 672 (2002).

In *McIlvaine*, the Pennsylvania Supreme Court held that the choice of law provision in the contract was unenforceable because it violated public policy by interfering with the goals of the Pennsylvania Workers Compensation Act. *Id*. 672. The employer and employee contracted to have West Virginia's workers compensation laws apply to claims for work-related injuries. *Id*. 664-65. The court held that, even though 77 Pa.C.S.A. § 411.2(d)(5) of the Act allows parties to set up agreements to provide that employment is localized in one state unless that state refuses jurisdiction when the employee's job duties

4

require him to travel, the parties may not "overcome the Act's coverage pertaining to a subsequent in-state injury." *Id.* 672. The court emphasized that the Pennsylvania Workers Compensation Act mandates that the Act applies to in-state injuries. Accordingly, because the claimant had been injured in Pennsylvania, the chosen West Virginia law did not trump the Pennsylvania Workers Compensation Act.

Here, applying Florida law, as provided in the contract between CSX and PTI, would be contrary to Pennsylvania's public policy. Like Pennsylvania's workers compensation statute, the Florida Workers Compensation Act is the exclusive remedy for a work related injury by an employee or third party against an employer. Section 440.11, Florida Statutes (2003). However, unlike Pennsylvania's courts have, Florida's District Court of Appeal has held that § 440.11 is unconstitutional to the extent it would bar a party's right to indemnification under a contract, and specific language is not necessary to waive immunity. *City of Clearwater v. L.M. Duncan*, 466 So.2d 1116 (Fla. 1985). The Florida scheme conflicts with the Pennsylvania Worker Compensation Act's express application to all workers injured in Pennsylvania. Therefore, because Finney was injured in Pennsylvania, the Pennsylvania Workers Compensation Act shall govern despite the contractual choice of Florida law.

## Pennsylvania Workers Compensation Act

Under the Pennsylvania Workers Compensation Act, employers are immune from suit unless they specifically and expressly waive their immunity. Immunity applies to actions for contribution and indemnity. Section 481(b) states that an "employer . . . shall not be liable to a third party for damages, contribution, or indemnity in any action at law or otherwise, unless liability for such damages, contribution or indemnity shall be expressly

5

provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 Pa.C.S.A. § 481(b).

Although § 481(b) permits an employer and a third party to enter into an indemnification agreement, such agreements are disfavored and are construed against the party seeking indemnification. *Morgan v. Harnischfeger Corp.*, 791 A.2d 1273, 1278 (Pa.Cmwlth. 2002). To pass muster under § 481(b), the indemnification clause must clearly and unequivocally express the employer's intent to indemnify against employees' claims. *Shumosky v. Lutheran Welfare Services of Northeastern PA, Inc.*, 784 A.2d 196, 203 (Pa.Super. 2001) (citing *Gerard v. Penn Valley Constructors, Inc.*, 485 A.2d 210, 211 (Pa.Super. 1985)). Blanket indemnity language purportedly covering "any and all" claimants for claims of "any nature whatsoever" are not sufficiently definite to encompass claims by an employee against a third party. *Integrated Project Servs. v. HMS Interiors Inc.*, 931 A.2d 724, 737 (Pa.Super. 2007) (quoting *Bester v. Essex Crane Rental Corp. v. Russell Construction Co.*, 619 A.2d 304, 307 (Pa.Super. 1993)). Thus, to effectively waive immunity, the employer must specifically agree to indemnify the third party from liability for the third party's own negligence which results in harm to the employees of the employer. *Integrated Project Servs.*, 931 A.2d at 738 (Pa.Super. 2007) (citing *Bester*, 619 A.2d at 308-09 (Pa.Super. 1993)).

In *Bester*, a third party and the employer entered into a contract to lease equipment. *Bester*, 619 A.2d at 306. The indemnity clause stated:

> [t]he [employer] shall defend, indemnify and hold forever harmless [the third party] against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage,

6

> erection, dismantling or transportation of any [e]quipment while in your possession. *Id*.

The employee was injured while working on the third party's crane. *Id*. In a personal injury action brought by the employee, the third party sought to join the employer as an additional defendant on the basis of the indemnification provision in the lease agreement. *Id*. The Superior Court held that the language in the indemnity clause lacked the specificity necessary to waive immunity under Pennsylvania law. *Id*. 308.

The language in the indemnity clause here is similar to the language in *Bester*. The indemnification clause reads:

> [PTI] agrees to defend, indemnify and save [CSX] . . . harmless from any and all damages, liabilities, claims . . . associated with any injury to or death of any person, . . . including that which may also be due to [CSX's] negligence (except were [CSX's] negligence is the sole proximate cause of the incident(s) or claim(s) in question), arising out of or in any way associated with [PTI's] (or its employees'): (i) negligent performance of Transportation Services; (ii) intentional tortious conduct; or (iii) violation of any federal, state, or local law, statute, ordinance, regulation, rule or similar requirement.

This language is general and not specific. It uses the insufficient "any person" and "any and all claims" language. It may apply in cases where the claimant is not a PTI employee; but, it does not specifically state that PTI agrees to indemnify CSX against claims by PTI employees for work related injuries. In an attempt to make coverage of the clause as broad as possible, CSX actually limited it by not including PTI employees as persons making claims for work related injuries. Therefore, because the indemnity clause does not specifically waive immunity under Pennsylvania law, it is not enforceable, and CSX may not seek indemnification from PTI for Finney's claims for damages.

**Conclusion**

Because Pennsylvania law applies despite the choice of law provision, the Pennsylvania Workers Compensation Act immunizes Finney's employer, PTI, from the indemnity claim asserted by CSX. The indemnity agreement is unenforceable. Therefore, PTI's motion to dismiss CSX's third party complaint will be granted.